UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| ML Strategies, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 04-10641-RCL |
| ) | |
| The Noisette Company, LLC ) | |
| d/b/a Noisette Company, ) | |
| ) | |
| Defendant. ) | |

## AFFIDAVIT OF PETER A. BIAGETTI

I, Peter A. Biagetti, on oath depose and say as follows:

1.  I am an attorney with and member of Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C. ("Mintz Levin"). I serve as Managing Director for Firm Management of Mintz Levin and work in Mintz Levin's Boston office. As part of my duties as Managing Director of Mintz Levin, I oversee efforts to collect fees owed Mintz Levin as well as its affiliates, including ML Strategies, LLC ("ML Strategies"). I submit this Affidavit in support of ML Strategies, LLC's Opposition to Defendant The Noisette Company, LLC's ("Noisette") Motion to Dismiss in this case. I am fully familiar with and competent to testify to the facts set forth below.

2.  In March 2004, I reviewed the situation concerning Noisette's failure to pay the $250,000 Performance Bonus owed ML Strategies under the Engagement Letter dated February 14, 2002. By letter dated March 19, 2004 to Noisette, I demanded payment of the Performance Bonus within seven days or the matter would be referred to outside counsel. By letter dated March 24, 2004 to me in Boston, Noisette's attorney, W. Andrew Gowder, Jr., responded and

asserted, for what I now understand was the very first time, that the Performance Bonus was not earned by ML Strategies because the property to be redeveloped was not actually transferred or conveyed from the City to Noisette prior to December 31, 2002. Copies of these letters are attached as Exhibit X.

3. On March 24, 2004, Gowder called me in Boston and reiterated Noisette's new position that the Performance Bonus was due only if the property was transferred or conveyed by the end of 2002. I responded that it was likely that ML Strategies would prepare and send to Noisette a draft Complaint with one last chance to pay before suit was filed.

4. Having received no satisfaction from Noisette, ML Strategies referred this matter to outside counsel. By letter dated March 29, 2004 (attached as part of Exhibit Y), David E. Lurie of Lurie & Krupp, LLP, ML Strategies' outside counsel in Boston, demanded payment of $125,000 of the Performance Bonus by March 31, 2004, and the remaining $125,000 upon transfer of the remaining property to Noisette or by June 30, 2004, whichever was earlier. It is my understanding that upon receiving Mr. Lurie's letter, Andrew Gowder called him and said Noisette could not pay the $125,000 demanded by March 31, 2004, but would be willing to discuss payment of a significant sum in a 12-18 month time frame. I understand that Mr. Lurie responded by leaving a voicemail for Mr. Gowder that ML Strategies needed $125,000 paid by April 2, 2004, the end of its fiscal year, as a sign of good faith, with a payment plan for the remaining $125,000, and that otherwise his instructions were to proceed to collect the debt.

5. By letter dated March 30, 2004 (attached as part of Exhibit Y), Mr. Gowder replied to Mr. Lurie that Noisette was unwilling to make a payment by April 2, 2004, but was "willing to agree to a compromise amount to be paid at some stipulated time in the future ..."

6. On March 31, 2004, James Ramich, a member of Noisette's Board of Directors, called me in Boston and offered that Noisette would pay $75,000 on April 1, <u>2005</u> in settlement of the case. I rejected the offer and stated that ML Strategies' next contact would be from its outside counsel to Noisette's outside counsel.

7. On April 2, 2004, the day that ML Strategies had set as a deadline for payment of at least a portion of the Performance Bonus, Noisette sued ML Strategies in South Carolina state court. Meanwhile, ML Strategies, earlier in the day, filed this lawsuit seeking to collect the Performance Bonus as well as damages for Noisette's breach of the implied covenant of good faith and fair dealing, unjust enrichment, and violation of M.G.L. c. 93A.

Signed under the pains and penalties of perjury this 5th day of May, 2004.

_____
Peter A. Biagetti

3