UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ML Strategies, LLC,<br><br>      Plaintiff,<br><br>      v.<br><br>The Noisette Company, LLC<br>d/b/a Noisette Company,<br><br>      Defendant. | Civil Action No. 04-10641-RCL |

## AFFIDAVIT OF DAVID E. LURIE

I, David E. Lurie, on oath depose and say as follows:

1.    I am a lawyer with and partner with Lurie & Krupp, LLP, a law firm in Boston. I am counsel to plaintiff ML Strategies, LLC ("ML Strategies") in this case. I submit this Affidavit in support of ML Strategies' Opposition to Defendant The Noisette Company, LLC's ("Noisette") Motion to Dismiss. I am fully familiar with and competent to testify to the facts set forth below.

2.    In March 2004, I was engaged to collect the $250,000 Performance Bonus owed by Noisette to ML Strategies under the Engagement Letter dated February 14, 2002. By letter to Noisette's counsel Andrew Gowder dated March 29, 2004 (attached as part of Exhibit Y), I demanded that Noisette make payment of $125,000 by March 31, 2004, and the remaining $125,000 upon transfer of the remaining property to Noisette or by June 30, 2004, whichever was earlier.

3. Upon receiving my letter, Mr. Gowder called me and said Noisette could not pay the $125,000 demanded by March 31, 2004, but would be willing to discuss payment of a significant sum in a 12-18 month time frame. I responded by leaving a voicemail for Mr. Gowder that ML Strategies needed $125,000 paid by April 2, 2004, the end of its fiscal year, as a sign of good faith, with a payment plan for the remaining $125,000, and that otherwise my instructions were to proceed to collect the debt.

4. By letter to me dated March 30, 2004 (attached as part of Exhibit Y), Mr. Gowder stated that Noisette was unwilling to make a payment by April 2, 2004, but was "willing to agree to a compromise amount to be paid at some stipulated time in the future ..."

5. It is my understanding that on March 31, 2004, James Ramich, a member of Noisette's Board of Directors, called Peter Biagetti, Managing Director for Firm Management of Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C., a Boston law firm with which ML Strategies is affiliated. Ramich offered that Noisette would pay $75,000 on April 1, <u>2005</u> in settlement of the case. Biagetti rejected the offer and stated that ML Strategies' next contact would be from its outside counsel to Noisette's outside counsel.

6. On April 2, 2004, the day that ML Strategies had set as a deadline for payment of at least a portion of the Performance Bonus, Noisette sued ML Strategies in South Carolina state court. Meanwhile, ML Strategies, earlier in the day, filed this lawsuit seeking to collect the Performance Bonus as well as damages for Noisette's breach of the implied covenant of good faith and fair dealing, unjust enrichment, and violation of M.G.L. c. 93A.

Signed under the pains and penalties of perjury this __5__ day of May, 2004.

_____
David E. Lurie

2