UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED IN CLERKS OFFICE
2004 OCT 25 P 2: 30
U.S. DISTRICT COURT
DISTRICT OF MASS.

| | |
|---|---|
| ML Strategies, LLC, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>The Noisette Company, LLC )<br>d/b/a Noisette Company, )<br>)<br>Defendant. )<br>) | Civil Action No. 04-10641-RCL |

## JOINT STATEMENT

Pursuant to this Court's Order and Notice of Scheduling Conference and Additional Materials dated October 7, 2004, Fed. R. Civ. P. 16(d) and Local Rule 16.1(D), the parties submit this Joint Statement in anticipation of the scheduling conference set for October 25, 2004.

### I.   Statement of the Parties' Positions

#### A.   Plaintiff's Position

This is a collection case brought by Plaintiff ML Strategies, LLC ("ML Strategies" or "MLS") against Defendant The Noisette Company, LLC ("Noisette") seeking damages arising from Defendant's failure to pay a $250,000 Performance Bonus owed ML Strategies for strategic consulting services rendered by ML Strategies on Defendant's behalf. The complaint seeks damages for breach of contract, quantum meruit/unjust enrichment, breach of the implied covenant of good faith and fair dealing, and unfair and deceptive trade practices in violation of Mass. Gen. L. ch. 93A.

In February 2002, ML Strategies was engaged by Noisette to assist the company in its pursuit of redevelopment rights at the Charleston Naval Shipyard in North Charleston, South Carolina. The Engagement Letter executed by the parties provides for, among other things,

payment by Noisette of a Performance Bonus to ML Strategies if ML Strategies fulfilled certain conditions. Specifically, "upon the successful execution of a land disposition plan negotiated between Noisette and the City of North Charleston pursuant to this engagement letter, on or before January 1, 2003, MLS shall be paid a performance bonus in an amount equal to two hundred-fifty thousand dollars ($250,000)." ML Strategies contends that it fulfilled the necessary conditions under the Engagement Letter and that the $250,000 Performance Bonus is due and payable because, among other things, as a result of ML Strategies' efforts, Noisette executed a purchase and sale agreement with the City of North Charleston prior to January 1, 2003.

On April 2, 2004, ML Strategies filed its complaint in this Court ("Massachusetts Action"). Meanwhile, Noisette was racing to the courthouse in an attempt to obtain venue in South Carolina. It filed a complaint in state court in Charleston on April 2, 2004, approximately one-half hour after ML Strategies filed the Massachusetts Action. See The Noisette Company, LLC v. ML Strategies, LLC, USDC-SC No. 2:04-1403-18 ("South Carolina Action"). Noisette moved to dismiss the Massachusetts Action on April 22, 2004 for lack of personal jurisdiction and ML Strategies filed an opposition to Noisette's motion on May 6, 2004. By agreement, on or about June 28, 2004, the South Carolina Action was stayed pending a decision by this Court on Defendant's Motion to Dismiss.

A hearing on Noisette's Motion to Dismiss is scheduled for Monday, October 25, 2004, at the same time as the Rule 16 Conference. Noisette's Motion to Dismiss should be denied because there exist a plethora of contacts establishing personal jurisdiction over Noisette in Massachusetts. Discovery should proceed promptly in this case.

**B.     Defendant's Position**

The defendant has filed a Motion to Dismiss based upon a lack of personal jurisdiction. In complying with the judge's Order and in participating in this Statement the defendant in no way waives its objection to personal jurisdiction.

The defendant, Noisette, has moved to dismiss the Complaint for lack of personal jurisdiction. Noisette is a corporation which was organized in an effort to redevelop the Charleston Navy Yard in North Charleston, South Carolina. Its only contacts to Massachusetts are limited to its dealings with the plaintiff, ML Strategies. Furthermore, for practical logistical purposes, this matter should be heard by a court sitting in South Carolina because it involves land in South Carolina and, other than the witnesses and documents in the plaintiff's control, all documents and witnesses with discoverable or relevant information are outside of Massachusetts, and overwhelmingly in South Carolina.

Regarding the plaintiff's underlying allegation and claim, it is Noisette's position that the it does not owe the plaintiff failed to earn and qualify for the performance bonus under the memorandum of understanding ("MOU") between the plaintiff and Noisette. The MOU between plaintiff and Noisette provided a performance bonus to the plaintiff, in addition to the plaintiff's monthly fee, "upon the successful execution of a land disposition plan negotiated between Noisette and the City of North Charleston pursuant to this engagement letter, on or before January 1, 2003"

Though the contract uses differing terminology throughout the agreement to describe the event triggering the performance bonus, under any interpretation, there was no performance by January 1, 2003.

The land at issue, which was described in a MOU dated March 2001 between the City of North Charleston and the Noisette has still not fully transferred. In fact, a significant portion of that property, the shipyard bordering the Cooper River, will now be sold to another entity through state legislation. Half or more of the remaining property is still in the hands of either the Navy or the Redevelopment Authority. The property that Noisette does own at this point was conveyed to it in July of 2003, some seven (7) months after the deadline.

The purchase agreement, which ML Strategies contends is the "triggering event" entitling it to the performance bonus, was never an issue in which ML Strategies was involved and, in fact, that agreement was a more formal version of the MOU entered nearly a year before ML Strategies' involvement. ML Strategies did not negotiate any of those terms on behalf of Noisette with the City. ML Strategies was contracted to assist Noisette and the City to obtain the property through the United States Navy and the Redevelopment Authority and to assist it with other federal regulatory issues, like dealing with the Economic Development Authority on recapture issues. The purchase agreement referenced by the plaintiff was never anticipated to be the event which would trigger the performance bonus. The performance bonus was to be triggered by a transfer of the land from the Department of Defense and/or Redevelopment Authority to the City of Charleston by January 1, 2003. This did not occur.

Furthermore, the plaintiff's representatives' activities, statements and dealings with Noisette and the City of Charleston, and its mayor's office, evidence an acknowledgement by the plaintiff that it had not qualified for the performance bonus.

## II.    Proposed Discovery Plan and Motion Schedule

A.    Plaintiff's Proposed Discovery Plan

Plaintiff proposes the following discovery and motion schedule:

| | | |
|---|---|---|
| 1. | Rule 26(a)(1) automatic disclosures: | November 8, 2004 |
| 2. | Completion of fact discovery: | February 25, 2005 |
| 3. | File summary judgment motions: | April 25, 2005 |
| 4. | Final pretrial conference: | June 25, 2005 |

B.  Defendant's Proposed Discovery Plan

The defendant objects to the plaintiff's discovery and motion schedule.

There is currently a Motion to Dismiss pending before this Court and neither party can reasonably place a discovery and motion plan before this court setting forth dates as deadlines as the preliminary matter of personal jurisdiction over the defendant has not yet been determined.

Nonetheless, if the Court denies the Motion to Dismiss, and the matter remains in Massachusetts, the defendant would recommend the following discovery plan.

| | | |
|---|---|---|
| 1. | Defendant's Answer to Complaint: | 30 days after decision on Motion to Dismiss |
| 2. | Rule 26(a)(1) automatic disclosures: | 30 days after Defendant's Answer |
| 3 | Completion of factual discovery: | 9 months after Defendant's Answer |
| 4. | Filing of Summary Judgment: | 11 months after Defendant's Answer |
| 5. | Final pretrial conference: | 12 months after Defendant's Answer |

### III.  Certifications

The parties' Certification of Compliance with Local Rule 16.1(D)(3) will be submitted in advance of or at the case management conference on October 25, 2004.

### IV.  Trial by Magistrate-Judge

The plaintiff does not consent to trial of this action by a magistrate-judge at this time.

## V. Settlement

By letter dated March 29, 2004, before this lawsuit was filed, ML Strategies offered to accept payment of half of the Performance Bonus, $125,000, immediately and the remaining $125,000 no later than June 30, 2004. Noisette rejected this offer and counter-offered to pay zero immediately and $75,000 one year later. ML Strategies rejected this offer and later offered to accept prompt payment of $215,000. Noisette rejected this offer and no further settlement discussions have taken place.

Respectfully submitted,

| | |
|---|---|
| ML STRATEGIES, LLC<br>By its attorneys, | THE NOISETTE COMPANY, LLC,<br>d/b/a NOISETTE COMPANY,<br>By its attorneys, |
| /s/ Sara A. Laroche<br>David E. Lurie, BBO# 542030<br>Sara A. Laroche, BBO# 652479<br>LURIE & KRUPP, LLP<br>One McKinley Square<br>Boston, MA 02109<br>(617) 367-1970 | /s/ Sean F. McDonough<br>Sean F. McDonough, BBO# 564723<br>MORRISON MAHONEY, LLP<br>250 Summer Street<br>Boston, MA 02210<br>(617) 439-7500 |

Dated: October 25, 2004

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served by hand on defendant's counsel Sean F. McDonough, Esq., Morrison Mahoney, LLP, 250 Summer Street, Boston, MA 02210-1181 on October 25, 2004.

/s/ Sara A. Laroche
Sara A. Laroche

6