UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.: 04 10641 RCL

ML Strategies, LLC, )
)
Plaintiff, )
)
v. )
)
The Noisette Company, LLC )
d/b/a Noisette Company, )
)
Defendant. )

## AMENDED ANSWER OF THE DEFENDANT, THE NOISETTE COMPANY, LLC d/b/a NOISETTE COMPANY, TO THE PLAINTIFF'S COMPLAINT, and DEMAND FOR JURY TRIAL

### FIRST DEFENSE

Each count of the plaintiff's Complaint fails to state a claim upon which relief can be granted and should be dismissed pursuant to Rule 12(b)(6).

### SECOND DEFENSE

The defendant, The Noisette Company, LLC d/b/a Noisette Company ("Noisette"), responds to the allegations contained in the plaintiff's Complaint with Jury Demand, paragraph by paragraph, as follows:

### INTRODUCTION

Noisette denies the allegations contained in the introductory paragraph of the Complaint.

### PARTIES

1. Noisette is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 and calls upon the plaintiff to prove the same.

2. Noisette admits the allegations contained in paragraph 2 of the Complaint.

951125v1

## JURISDICTION AND VENUE

3. Noisette denies the allegations contained in paragraph 3 of the Complaint.

4. Noisette denies the allegations contained in paragraph 4 of the Complaint.

## FACTS

5. Noisette is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 and calls upon the plaintiff to prove the same.

6. Noisette admits the allegations contained in paragraph 6 of the Complaint.

7. Noisette denies the allegations contained in paragraph 7 of the Complaint. Noisette admits that in January of 2002 it was introduced to ML Strategies concerning the redevelopment of the Charleston Naval Shipyard in North Charleston, South Carolina.

8. Noisette denies the allegations contained in paragraph 8 of the Complaint. Noisette admits that the parties executed an Engagement Letter that is dated February 14, 2002, which is attached as Exhibit A to the Complaint.

9. Noisette denies the allegations contained in paragraph 9 of the Complaint. Noisette admits that the parties executed an Engagement Letter that is dated February 14, 2002, which is attached as Exhibit A to the Complaint.

10. Noisette denies the allegations contained in paragraph 10 of the Complaint. Noisette admits that the parties executed an Engagement Letter that is dated February 14, 2002, which is attached as Exhibit A to the Complaint.

11. Noisette denies the allegations contained in paragraph 11 of the Complaint.

12. Noisette denies the allegations contained in paragraph 12 of the Complaint. Noisette admits the existence of a Purchase and Sale Agreement, attached as Exhibit B, between Noisette and the City of North Charleston for certain parcels of land.

13. Noisette admits the allegations contained in paragraph 13 of the Complaint.

14. Noisette denies the allegations contained in paragraph 14 of the Complaint.

15. Noisette denies the allegations contained in paragraph 15 of the Complaint.

16. Noisette denies the allegations contained in paragraph 16 of the Complaint. Noisette admits that it paid its monthly consulting fees for February through May.

17. Noisette denies the allegations contained in paragraph 17 of the Complaint.

18. Noisette denies the allegations contained in paragraph 18 of the Complaint. Noisette admits that on or about September 15, 2003, Knott wrote and email to ML Strategies, a poor and partial copy of which is attached as Exhibit C of the Complaint.

19. Noisette denies the allegations contained in paragraph 19 of the Complaint.

20. Noisette denies the allegations contained in paragraph 20 of the Complaint. Noisette admits that the plaintiff has made a claim related to payment of the performance bond and that it received the plaintiff's correspondence dated January 15, 2004, which is attached as Exhibit D to the Complaint.

21. Noisette denies the allegations contained in paragraph 21 of the Complaint. Noisette admits that it received a correspondence dated March 19, 2004 from Peter Biagetti, a copy of which is attached as Exhibit E to the Complaint.

22. Noisette denies the allegations contained in paragraph 22 of the Complaint. Noisette admits that its attorney W. Andrew Gowder, Jr., sent a correspondence dated March 24, 2004, a copy of which is attached as Exhibit F to the Complaint.

23. Noisette denies the allegations contained in paragraph 23 of the Complaint.

24. Noisette admits the allegations contained in paragraph 24 of the Complaint.

## COUNT I
(Breach of Contract)

25. Noisette incorporates herein by reference its answers to paragraph 1 through 24, and makes that its answer to paragraph 25 of the Complaint.

26. Noisette denies the allegations contained in paragraph 26 of the Complaint.

WHEREFORE, Noisette says that the plaintiff's complaint against it should be dismissed and that judgment enter for Noisette, together with its costs.

## COUNT II
(Quantum Meruit/Unjust Enrichment)

27. Noisette incorporates herein by reference its answers to paragraph 1 through 26, and makes that its answer to paragraph 27 of the Complaint.

28. Noisette denies the allegations contained in paragraph 28 of the Complaint.

29. Noisette denies the allegations contained in paragraph 29 of the Complaint.

30. Noisette denies the allegations contained in paragraph 30 of the Complaint.

31. Noisette denies the allegations contained in paragraph 31 of the Complaint.

WHEREFORE, Noisette says that the plaintiff's complaint against it should be dismissed and that judgment enter for Noisette, together with its costs.

## COUNT III
(Breach of the Implied Covenant of Good Faith and Fair Dealing)

32. Noisette incorporates herein by reference its answers to paragraph 1 through 31, and makes that its answer to paragraph 32 of the Complaint.

33. Noisette states that it can neither admit nor deny the plaintiff's statements, since such statements are legal conclusions.

34. Noisette denies the allegations contained in paragraph 34 of the Complaint.

35. Noisette denies the allegations contained in paragraph 35 of the Complaint.

WHEREFORE, Noisette says that the plaintiff's complaint against it should be dismissed and that judgment enter for Noisette, together with its costs.

## COUNT IV
(Mass. Gen. L. c. 93A – Unfair and Deceptive Acts and Practices)

36. Noisette incorporates herein by reference its answers to paragraph 1 through 35, and makes that its answer to paragraph 36 of the Complaint.

37. Noisette states that it can neither admit nor deny the plaintiff's statements, since such statements are legal conclusions.

38. Noisette denies the allegations contained in paragraph 38 of the Complaint.

39. Noisette denies the allegations contained in paragraph 39 of the Complaint.

40. Noisette denies the allegations contained in paragraph 40 of the Complaint.

WHEREFORE, Noisette says that the plaintiff's complaint against it should be dismissed and that judgment enter for Noisette, together with its costs.

## THIRD AFFIRMATIVE DEFENSE

By way of defense, Noisette states that if the plaintiff suffered damages, as alleged, such damages were caused by someone for whose conduct Noisette was not and is not legally responsible.

## FOURTH AFFIRMATIVE DEFENSE

By way of defense, Noisette states that the court does not have personal jurisdiction over Noisette, wherefore Noisette requests that this action be dismissed pursuant to Rule 12(b)(2).

## FIFTH AFFIRMATIVE DEFENSE

By way of defense, Noisette states that the complaint should be dismissed pursuant to Rule 12(b)(3)a for improper venue.

## SIXTH AFFIRMATIVE DEFENSE

By way of defense, Noisette says that its refusal to grant the plaintiff's requested relief was not made in bad faith, and that therefore such refusal was not made with knowledge or reason to know that the acts or practices the plaintiff complains of violated any law.

## SEVENTH AFFIRMATIVE DEFENSE

By way of defense, Noisette states that if there were agreements between the parties, the debts have been satisfied.

## EIGHTH AFFIRMATIVE DEFENSE

By way of defense, Noisette states that he plaintiff's complaint should be dismissed pursuant to Rule 12(b)(6)a for failure to state a claim upon which relief can be granted, insofar as he plaintiff claims relief pursuant to M.G.L. Chapter 93A.

## NINTH AFFIRMATIVE DEFENSE

By way of defense, Noisette says that the transactions and actions complained of did not occur primarily and substantially within the Commonwealth of Massachusetts and that therefore the plaintiff is barred from recovery.

## TENTH AFFIRMATIVE DEFENSE

By way of defense, Noisette says that it did not engage in any unfair or deceptive act or practice and that therefore the plaintiff is barred from recovery.

## ELEVENTH AFFIRMATIVE DEFENSE

By way of defense, Noisette says that to the extent that it had any obligations to the plaintiff, such obligations have been fully, completely and properly performed in every respect.

## TWELFTH AFFIRMATIVE DEFENSE

By way of defense, Noisette says that the plaintiff's, by their own conduct and actions, are estopped to recovery any judgment against Noisette.

## THIRTEENTH AFFIRMATIVE DEFENSE

By way of defense, Noisette says that the plaintiff, by its own conduct and actions, have waived any and all legal rights it may have had against Noisette.

## FOURTEENTH AFFIRMATIVE DEFENSE

By way of defense, Noisette says that the Complaint and the plaintiff's claims should be dismissed pursuant to *Form Non*-convenience.

## FIFTEENTH AFFIRMATIVE DEFENSE

By way of defense, Noisette says that the Complaint and the plaintiff's claims should be transferred to a United States District Court sitting in South Carolina.

## SIXTEENTH AFFIRMATIVE DEFENSE

By way of defense, Noisette says that the plaintiff's c. 93A claim should be dismissed as the allegedly wrongful acts did not occur primarily and substantially within the Commonwealth.

## JURY CLAIM

Noisette demands a trial by jury as to all issues to which it is entitled as a matter of right.

RESPECTFULLY SUBMITTED,
By the Defendant
The Noisette Company, LLC, d/b/a
Noisette Company

By Its attorney,
MORRISON MAHONEY LLP

Sean F. McDonough, BBO No.564723
250 Summer Street
Boston, MA 02210
(617) 439-7500

Dated: November 29, 2004

951125v1

6

## Certificate of Service

I hereby certify that a true copy of the above document was served upon David E. Lurie of Lurie & Krupp, LLP, One McKinley Square, Boston, MA 02109 by first-class mail on November 28th, 2004.

_____
Sean F. McDonough

951125v1

7